1    WO

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                FOR THE DISTRICT OF ARIZONA

8   POST CONFIRMATION TRUST OF       NO.  CIV-05-3399-PHX-SMM
    FLEMING COMPANIES, INC.,
9                                 **DEFAULT JUDGMENT**

10                  Petitioner,

11   v.

12   R.S. DALE CORPORATION,

13

14                 Respondent.

15

16

17       Pending before the Court is Petitioner's Motion for Entry of Default Judgment (Doc.

18 No. 12) and Petitioner's Motion for Attorneys' Fees and Non-Taxable Expenses (Doc. No.

19 14).  After considering the arguments in Petitioner's Motions, the Court issues the following

20 Order.

21                        **I.  BACKGROUND**

22       Because default has been entered, the Court takes Petitioner's allegations as true.

23 TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-918 (9th Cir 1987).

24       Post Confirmation Trust of Fleming Companies ("Petitioner") is the successor entity

25 of Fleming Companies, Inc. ("Fleming").  (Doc. No. 1.)  On or about May 12, 2001,

26 Fleming entered into a contract with R.S. Dale Corporation ("Respondent") which contained

1  an arbitration clause in the event of any disputes.  (Id.)  A dispute arose between the parties

2  and Fleming served an arbitration claim before the American Arbitration Association. (Doc.

3  No. 2.)  On January 15, 2004, the parties stipulated that all disputes would be submitted to

4  arbitration. (Id.)  On or about July 21, 2004, arbitration proceedings were conducted. (Doc.

5  No. 1.)  On September 15, 2004, the arbitrator made an award in favor of Fleming in the

6  sum of $197,163.58.  (Doc. No. 2.)  Respondent failed to pay any portion of the award or

7  challenge the arbitrator's decision within the ninety day appeal period.  (Id.)

8       On August 22, 2005, Petitioner filed a Petition for Order Confirming Arbitration

9  Award (Doc. No. 1) with this Court.[1]  Respondent filed a waiver of service with the Court

10  on December 30, 2005.  (Doc. No. 8.)  On March 9, 2006, Petitioner filed an Application

11  for Entry of Default against Respondent (Doc. No. 9).  On March 13, 2006 the Clerk of the

12  Court entered a default against Respondent (Doc. No. 10).  Petitioner filed a Motion for

13  Entry of Default Judgment against Respondent on March 23, 2006 (Doc. No. 12).  The same

14  day, Petitioner filed a Motion for Attorney Fees and Non-Taxable Expenses (Doc. No. 14).

15

16                    **II.  PETITIONER'S MOTION FOR ENTRY**

17                            **OF DEFAULT JUDGMENT**

18       **A.  Standard of Review**

19       Upon entry of default, a district court may enter default judgment under certain

20  circumstances.  A court may not enter default judgment against an infant or incompetent

21  unless the individual is represented by a general guardian, committee, conservator, or other

22  individual who has appeared before the court.  FED R. CIV. P. 55(b)(2).  The respondent's

23  default does not automatically entitle the petitioner to a judgment, rather, granting or

24  denying relief is within the discretion of the Court.  Aldabe v. Aldabe, 616 F.2d 1089, 1092-

25  _____

26       [1]  Petitioner's Petition was therefore timely filed with this Court, as 9 U.S.C. §9
     requires a petition be brought within a year of an arbitration award.

93 (9th Cir. 1980); see Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986).  When determining whether to grant a default judgment, the Court may consider, among other things, the sufficiency of the complaint,  Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988), the amount of money at stake, Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986), and whether the default resulted from excusable neglect, id. at 1472. The Court considers these factors in turn.

**B. Discussion**

First, the Court considers whether the Petition sufficiently alleges jurisdiction and venue.  The Petition sufficiently alleges that jurisdiction over the parties is proper pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, which provides that, "if no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made."  9 U.S.C. § 9.  Because the parties did not specify a court in their agreement, this Court's jurisdiction is proper as the arbitration award was made in Arizona.  See id.  Further, the Petition sufficiently alleges that jurisdiction is proper pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00, and the dispute is between citizens of different states.  The amount in controversy in the case is $197,163.58; Petitioner is a resident of California and Respondent is a resident of Arizona. (Doc. No. 1.)  Additionally, venue is proper pursuant to 28 U.S.C. §1391(a), because Respondent resides within the District of Arizona.

Next, the Court considers the sum at stake.  Eitel, 782 F.2d at 1472.  The parties had contractually agreed in 2001 (Doc. No. 12, Ex. A) to resolve all disputes by arbitration, and they also entered into a Stipulation on January 15, 2004 in which they agreed to submit all claims related to the alleged breach of contract to arbitration (Doc. No. 12, Ex. B).  An arbitration hearing was held, and the arbitrator set the amount of damages in the Arbitration Award at $197,163.58.  The amount of damages Petitioner seeks in this action therefore was established by the Arbitration Award.  Respondent has not paid the Award, nor has it

challenged the sufficiency of the Award.  Accordingly, the Court finds Petitioner's claim for the sum certain of $197,163.58 is well taken and thus it is within the Court's discretion to enter default judgment.

Finally, the Court looks at whether excusable neglect is present.  <u>Eitel</u>, 782 F.2d at 1472.  Because Respondent has completely failed to appear in this action and has provided the Court with no evidence upon which to base a finding of excusable neglect, the Court cannot make a finding of excusable neglect.  The record indicates Respondent was properly served with the Petition for Order Confirming Arbitration Award (Doc. No 1) and the Memorandum of Points and Authorities in Support of Petition (Doc. No. 2), as evidenced by Respondent's waiver of service on December 30, 2005 (Doc. No. 8).  Respondent had sixty days from the time the request was sent to file an answer or other response to the Petition.  FED. R. CIV. P. 4(d)(3).  To date, Respondent has failed to answer or otherwise appear in this action, even after the Clerk's Entry of Default on March 13, 2006.  (Doc. No. 8.)

**C.  Conclusion**

For the foregoing reasons, the Court concludes that default judgment is warranted, and the Court confirms the September 15, 2004 Arbitration Award.

**III.  PETITIONER'S MOTION FOR ATTORNEYS' FEES**

**A.  Standard of Review**

Attorneys' fees are not ordinarily taxable as costs against the losing party.  <u>See Hensley v. Eckerhart</u> 461 U.S. 424, 429 (1983).  This Court is authorized, however, to award fees to a successful party in any contract action.  ARIZ. REV. STAT. §12-341.01(A).  Section 12-341.01 does not make a favorable judgment on the merits a prerequisite for a "successful" party seeking attorneys' fees.  <u>Wagenseller v. Scottsdale Mem'l Hosp.</u>, 710 P.2d 1025, 1047-48 (Ariz. 1985).  The award of reasonable fees is discretionary, and Ariz. Rev.

Stat. §12-341.01 does not establish a presumption that fees be awarded in such actions. Assoc'd Indem. Corp. v. Warner, 694 P.2d 1181, 1182-83 (Ariz. 1985). "The award of reasonable attorney fees pursuant to subsection A (of §12-341.01) should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid." ARIZ. REV. STAT. §12-341.01(B) (parenthetical added). The party requesting an award of attorneys' fees pursuant to §12-341.01 has the burden of proving entitlement to such an award. Woerth v. City of Flagstaff, 808 P.2d 297, 304 (Ariz. App. 1990).

Pursuant to Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, this Court has established special procedures for resolving attorneys' fees requests. Rule 54.2 of the Local Rules of Civil Procedure ("LRCiv") of the United States District Court for the District of Arizona governs claims for attorneys' fees and related non-taxable expenses. LRCiv 54.2(b)(1) provides that unless otherwise provided by statute or court order, a party seeking an award of attorneys' fees and related non-taxable expenses must file and serve a motion for attorneys' fees and related non-taxable expenses within fourteen days of the entry of judgment in the action. The moving party must also submit a memorandum in support of a motion for award of attorneys' fees and related non-taxable expenses within sixty days of entry of judgment in the action. LRCiv 54.2(b)(2). The memorandum must include a discussion of the following matters with corresponding headings in the order listed below: 1) eligibility, 2) entitlement, and 3) reasonableness of requested award. LRCiv 54.2(c)(1)-(3). In addition, pursuant to LRCiv 54.2(d), the following documents shall be attached to the memorandum: 1) a statement of consultation, 2) a copy of the fee agreement, 3) a task-based itemized statement of fees and expenses, 4) an affidavit of moving counsel, and 5) any other affidavits or evidentiary matter deemed appropriate or required by law. LRCiv 54.2(d).

**B. Discussion**

A party seeking an award of attorneys' fees and related non-taxable expenses must comply with the requirements of LRCiv 54.2.[2]  The Court finds that Petitioner has failed to comply with LRCiv 54.2(c).  Under A.R.S. §12-341.01, the moving party has the burden of proving entitlement to an award of attorneys' fees.  Woerth, 808 P.2d at 304.

LRCiv 54.2(b)(2) requires a party seeking an award of attorneys' fees to submit a memorandum in support a motion for award of attorneys' fees and related non-taxable expenses within sixty days of entry of judgment in the action.  LRCiv 54.2(c) specifies that the memorandum must contain three discrete sections discussing the party's eligibility and entitlement to a fee award, and the reasonableness of the requested award.

LRCiv 54.2(d) requires that the following documents be attached to the memorandum:  1) a statement of consultation, 2) a copy of the fee agreement, 3) a task-based itemized statement of fees and expenses, 4) an affidavit of moving counsel, and 5) any other affidavits or evidentiary matter deemed appropriate or required by law.

Here, Petitioner's memorandum of points and authorities in support of its motion for attorneys' fees does not contain three discrete sections discussing the party's eligibility and entitlement to a fee award, and the reasonableness of the requested award.  Thus, the Court finds that Petitioner has not complied with the requirements of LRCiv 54.2(c).

**C. Conclusion**

Because Petitioner has failed to comply with the requirements of LRCiv 54.2(c), the Court lacks sufficient information to decide the propriety of awarding fees in this case.  However, the Court will allow Petitioner leave to refile an application that complies with the rules.

---

[2]  Petitioner moved for Attorneys' Fees and Related Non-Taxable expenses pursuant to LRCiv 2.20(d).  LRCiv 2.20(d) no longer exists.  The Court refers Petitioner to LRCiv 54.2 which governs claims for attorneys' fees and related non-taxable expenses.

1
2                                 **IV.  CONCLUSION**
3          For the reasons set forth above,
4                  **IT IS ORDERED** that Petitioner's Motion for Entry of Default Judgment
5    (Doc. No.12) is **GRANTED**.
6                  **IT IS FURTHER ORDERED** that the Clerk of Court shall enter Default
7    Judgment in favor of Petitioner and against Respondent R.S. Dale Corporation in the
8    amount of $197,163.58.   The September 15, 2004 Arbitration Award is hereby
9    **CONFIRMED**.
10                 **IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this
11   action accordingly.
12                 **IT IS FURTHER ORDERED** that Petitioner's  Motion for Attorneys' Fees
13   and Non-Taxable Expenses (Doc. No. 14) is **DENIED** without prejudice, with leave to
14   refile a motion in conformance with the rules no later than August 4, 2006.  Failure to file
15   by August 4, 2006 will result in a waiver of Petitioner's right to request an award of fees.
16
17          DATED this 7th day of July, 2006.
18
19
20                                          Stephen M. McNamee
                                          United States District Judge
21
22
23
24
25
26

-7-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26